# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12-cv-677-RJC

HENRY HILL,                      )
                                       )

             **Petitioner,**      )
                                       )

        v.                     )          **ORDER**
                                       )

**UNITED STATES OF AMERICA,**  )
                                       )

             **Respondent.**      )
_____)

      **THIS MATTER** is before the Court on initial review of Petitioner's Habeas Corpus Petition filed under 28 U.S.C. § 2241. (Doc. No. 1).

      According to the record, Petitioner was convicted and sentenced in 2003 in the United States District Court for the Eastern District of Virginia, Richmond Division, for violations of 21 U.S.C. §§ 846 & 841. In his motion before this Court, Petitioner contends that he is entitled to relief under Section 2241 because he is actually innocent of the drug amount which the district court attributed to him. (Id. at 1). Petitioner moves this Court to grant him an evidentiary hearing, and "grant him the requested relief in this matter to vacate, and adjust petitioner's sentence accordingly . . ." (Id. at 6).

      It does not appear from the record in the sentencing court that Petitioner has filed a motion attacking his criminal judgment under the provisions of 28 U.S.C. § 2255. A prisoner attacking his conviction or sentence generally must proceed under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief

1

under § 2241." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (citing <u>Vial</u>, <u>supra</u>). While there certainly appears to be an issue of timeliness, Petitioner can offer no evidence that Section 2255 is unavailable to him.

Further, an attack on his criminal judgment under § 2255 must be brought in the district where he was convicted and sentenced. <u>See</u> Rule 4(a), Rules Governing Section 2255 Proceedings (providing that the motion must come before "the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.").

To the extent Petitioner is challenging his present confinement this Court is without jurisdiction to entertain such a petition as a petition under Section 2241 must be filed in the district where he is confined. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004) (claim challenging present physical confinement must be filed in the district of confinement); <u>United States v. Miller</u>, 8712 F.2d 488, 490 (4th Cir. 1989). According to the record, Petitioner is confined at Butner Medical Center in Butner, North Carolina, which is located in the Eastern District of North Carolina, Northern Division.

For the foregoing reasons, the Court will dismiss Petitioner's motion without prejudice to his ability to file a motion pursuant to Section 2255 in the Eastern District of Virginia, Richmond Division, or a petition under Section 2241 in his district of confinement.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's motion is **DISMISSED** without prejudice. (Doc. No. 1)

2.  Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 2)

3.  Petitioner's motion for summary judgment is **DENIED**. (Doc. No. 3)

Signed: January 15, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

3